IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-CV-2637

EPIC BREWING CO., LLC, a Utah limited liability company,

        Plaintiff,

v.

EDDYLINE BREWING, LLC, a New Mexico limited liability company,

        Defendant.

**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF
FOR VIOLATION OF 15 USC 1114; 15 USC 1125(A); 15 USC 1125(C);
AND RELATED CLAIMS**

Epic Brewing Co., LLC ("Epic Brewing"), by and through undersigned counsel, alleges the following for its Complaint against Defendant Eddyline Brewing, LLC ("Defendant"):

## PARTIES, VENUE, AND JURISDICTION

1. Epic Brewing is a Utah limited liability company with its principal place of business located at 825 South State Street, Salt Lake City, Utah 84111.

2. Defendant is a New Mexico limited liability company with its principal place of business located at 102 Linderman Avenue, Buena Vista, Colorado 81211.

3. This action for trademark infringement, unfair competition, and related causes of action arises under 15 U.S.C. § 1114; 15 U.S.C. § 1125(a); and the common law of Colorado and Utah.

4. This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for claims arising under the Lanham Act, and under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the related state-law claim.

5. This Court has personal jurisdiction over Defendant because Defendant has committed acts of trademark infringement and unfair competition in the District of Colorado and elsewhere in the United States. Defendant also has substantial and continuous contacts with the State of Colorado, has purposefully directed its infringing activities at Colorado, and has purposely availed itself of the privilege of conducting business in Colorado. Defendant also maintains its principal place of business in Buena Vista, Colorado. On information and belief, Defendant has purposefully injected its infringing products into the stream of commerce, knowing that the infringing products would be sold in Colorado. And Defendant has committed torts in or directed at the forum.

6. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) and (c) because Defendant resides in the District of Colorado at least by virtue of maintaining its principal place of business in the District of Colorado, Defendant is subject to personal jurisdiction in the District of Colorado, Defendant has committed acts of infringement in the District of Colorado, and a substantial part of the events giving rise to Epic Brewing's claims occurred here.

## FACTUAL BACKGROUND

7. Epic Brewing is the owner of a proprietary, distinctive design of the phrase "Epic Brewing" (the "EPIC Mark"). A representation of the EPIC Mark is attached as Exhibit A.

8. Epic Brewing markets, sells, and uses the EPIC Mark on, and in connection with, a wide variety of products and services, including beers, brewery services, and restaurant and bar services.

9. Epic Brewing operates brewing facilities in Utah and Colorado, and distributes its products throughout the United States and to various international markets under the EPIC brand.

10. Epic Brewing is especially well-known in the beer industry, and has won numerous gold, silver, and bronze medals for its unique and high-quality beers. In 2016 alone, Epic Brewing won two gold medals, seven silver medals, and three bronze medals from various

brewing associations and beer competitions. In 2015, Epic Brewing won four gold medals, five silver medals, and four bronze medals. Since 2010, Epic Brewing has been awarded over eighty medals for its beers at domestic and international competitions.

11. Epic Brewing also consistently receives high ratings from beer industry publications, including All About Beer Magazine, Beer Advocate Magazine, Craft Beer and Brewing Magazine, Paste Magazine, and Ratebeer.com.

12. Epic Brewing has continuously used the EPIC Mark in commerce in connection with, and to promote, its products and services since at least April 2010.

13. Epic Brewing has invested considerable sums to promote and advertise its products and services featuring the EPIC Mark.

14. As a result of Epic Brewing's continuous, widespread, and successful promotion of products and services under the EPIC Mark, consumers and the public associate the EPIC Mark exclusively with Epic Brewing and Epic Brewing's products and services. Accordingly, while inherently distinctive, the EPIC Mark has also acquired additional distinctiveness.

15. Epic Brewing also has accumulated significant goodwill in the EPIC Mark.

16. Epic Brewing has registered the EPIC Mark as a trademark with the United States Patent and Trademark Office ("USPTO") and has obtained the following federal registrations for the EPIC Mark: Reg. No. 4,214,386 for brewery services and for restaurant and bar services, and; Reg. No. 4,763,351 for beers. Information regarding the registrations is attached as Exhibit B.

17. As of September 2017, Epic Brewing's trademark for brewery services and for restaurant and bar services has become incontestable under 15 U.S.C. § 1065.

18. Defendant competes with Epic Brewing in the beer industry, selling and distributing beer throughout the United States, including Colorado. On information and belief,

Defendant also sells and distributes beer internationally.  Defendant also offers brewery and restaurant services in Colorado and New Zealand.

19. Defendant has started selling a beer under the name "EPIC DAY" (the "Infringing Mark").  *See* Exhibit C.

20. The Infringing Mark is confusingly similar to the EPIC Mark.

21. The USPTO has recognized the confusing similarity of Defendant's Infringing Mark with the EPIC Mark, rejecting Defendant's application seeking a trademark registration for the Infringing Mark in connection with beer (App. Serial No. 87/208,865 filed October 2016).

22. On information and belief, Defendant has promoted, advertised, sold, and distributed products and services containing the Infringing Mark throughout Colorado and the United States.

23. Defendant's products and services containing the Infringing Mark are aimed at Epic Brewing's core market:  beers, brewery services, and restaurant and bar services.  On information and belief, because Defendant's products bearing the Infringing Mark are sold through the same channels that Epic Brewing uses to sell its products and services, it is highly likely that consumers will view Defendant's products sold side-by-side with Epic Brewing's.

24. Defendant's sale and distribution of products and services bearing the Infringing Mark has caused actual confusion, mistake, and deception as to the origin, sponsorship, and approval of Defendant's products and services, and the affiliation, connection, and association of the parties' respective products and commercial activities.  Defendant's use of the Infringing Mark is likely to continue causing such confusion, mistake, and deception.

25. Epic Brewing has not authorized Defendant to market, sell, license, or distribute products or services bearing the EPIC Mark.

26. On July 31, 2017, Epic Brewing notified Defendant by letter that it was infringing the EPIC Mark.  On information and belief, despite that notification and the USPTO's rejection

of Defendant's trademark application for the Infringing Mark in view of the EPIC Mark, Defendant continues to use the Infringing Mark in conjunction with its products and services.

27. Upon information and belief, Defendant's actions are intentional, willful, and designed to wrongfully profit from the goodwill associated with the EPIC Mark and Epic Brewing's products and services offered under the EPIC brand.

## **FIRST CAUSE OF ACTION**
**(Infringement of Federally Registered Trademark; 15 U.S.C. § 1114)**

28. Epic Brewing realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

29. Epic Brewing owns and uses the EPIC Mark described above and is identified with and has established rights to the EPIC Mark, including, but not limited to, federal trademark registration numbers 4,214,386 and 4,763,351.

30. Defendant's use in commerce of the Infringing Mark as described above is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendant's products and services, and the affiliation, connection, and association of Epic Brewing with Defendant.

31. On information and belief, Defendant's use of the Infringing Mark is a deliberate, intentional, and willful attempt to cause confusion, to cause mistake, and to deceive purchasers.

32. Defendant's wrongful conduct constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. In particular, Defendant's conduct constitutes a use in commerce of a colorable imitation of the EPIC Mark and Epic Brewing's federal trademark registration numbers 4,214,386 and 4,763,351 in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, mistake, and deceive.

34. Defendant's conduct has irreparably damaged Epic Brewing and will continue to so damage Epic Brewing unless restrained by this Court.

35. Epic Brewing is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendant's profits, and the costs of this action under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition; False Designation of Origin; 15 U.S.C. § 1125(a))

36. Epic Brewing realleges and incorporates by reference the allegations in paragraphs 1 through 35 as though fully set forth herein.

37. Epic Brewing owns and uses the EPIC Mark described above and is identified with and has established rights to the EPIC Mark, including, but not limited to, federal trademark registration numbers 4,214,386 and 4,763,351.

38. Defendant's use in commerce of the Infringing Mark as described above is likely to cause confusion, mistake, and deception as to the origin, sponsorship, and approval of Defendant's products and services, and the affiliation, connection, and association of Defendant with Epic Brewing.

39. As a result of such confusion, customers are likely to believe incorrectly that Epic Brewing authorizes and controls the sale of Defendant's products or that Defendant is associated with or related to Epic Brewing.

40. This conduct constitutes "passing off" or "palming off" by expressly or impliedly representing that products bearing the Infringing Mark are products from Epic Brewing or that the Infringing Mark is the EPIC Mark.

41. Defendant's acts have injured or are likely to injure Epic Brewing's reputation, business, and relations with merchants and customers by causing confusion about and dissatisfaction with Epic Brewing's products and services, as well as a loss of sales and market share to Defendant.

42. Defendant's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's conduct has irreparably damaged Epic Brewing and will continue to so damage Epic Brewing unless restrained by this Court.

44. Epic Brewing is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendant's profits, and the costs of this action under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
**(Federal Unfair Competition; False Designation of Origin; 15 U.S.C. § 1125(c))**

45. Epic Brewing realleges and incorporates by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

46. Epic Brewing owns and uses the EPIC Mark described above and is identified with and has established rights to the EPIC Mark, including, but not limited to, federal trademark registration numbers 4,214,386 and 4,763,351.

47. Defendant's use of the Infringing Mark has caused and continues to cause dilution of the distinctive quality of the EPIC Mark. Defendant's use of Infringing Mark is a violation of 15 USC 1125(c) because the EPIC Mark is distinctive and famous within the meaning of the statute and Defendant's use of the Infringing Mark in commerce began after the EPIC Mark became distinctive and famous.

48. Epic Brewing is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendant, pursuant to 15 USC 1117(a). Damages recoverable are actual damages sustained by the Epic Brewing, the Defendant's profits, and the costs of the action, together with Epic Brewing's reasonable attorney fees. In the alternative, Epic Brewing is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

### FOURTH CAUSE OF ACTION
**(Common Law Unfair Competition; False Designation of Origin)**

49. Epic Brewing realleges and incorporates by reference the allegations in paragraphs 1 through 48 as though fully set forth herein.

50. Defendant's wrongful use of the Infringing Mark and other acts described above constitute unfair competition under Colorado and Utah common law.

51. This conduct constitutes "passing off" or "palming off" by expressly or impliedly representing that products bearing the Infringing Mark are products from Epic Brewing or that the Infringing Mark is the EPIC Mark.

52. Defendant's acts have injured or are likely to injure Epic Brewing's reputation, business, and relations with merchants and customers by causing confusion about and dissatisfaction with Epic Brewing's products and services, as well as a loss of sales and market share to Defendant.

53. Defendant's conduct has irreparably damaged Epic Brewing and will continue to so damage Epic Brewing unless restrained by this Court.

54. Epic Brewing is without an adequate remedy at law and is entitled to an injunction, as well as damages in an amount to be proven at trial.

WHEREFORE, Epic Brewing prays for relief as follows:

1. That the Court enter judgment in favor of Epic Brewing against Defendant for all damages proximately caused by Defendant and further award Epic Brewing its attorney fees and costs incurred in the prosecution of this action.

2. That the Court find that Defendant has violated 15 USC 1114 and grant Epic Brewing preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendant's profits, any damages sustained by Epic Brewing and the cost of the action, said amount to be trebled; that the Court award Epic Brewing its attorneys' fees; that the Court in the alternative award damages in such amount as the Court in its discretion finds to be just; that the Court in the alternative, if elected by Epic Brewing, award statutory damages of $1,000,000.00 against Defendant.

3. That the Court find that Defendant has violated 15 USC 1125(a) and grant Epic Brewing preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendant's profits, any damages sustained by Epic Brewing and the cost of the action, said amount to be trebled; that the Court award Epic Brewing its attorneys' fees; that the Court in the alternative award damages in such amount as the Court in its discretion finds to be just.

4. That the Court find that Defendant has violated 15 USC 1125 (c) and grant Epic Brewing preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendant's profits, any damages sustained by Epic Brewing and the cost of the action; said amount to be trebled; that the Court award Epic Brewing its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion finds to be just.

5. That the Court find that Defendant has unfairly competed under Colorado and Utah common law and grant Epic Brewing preliminary and permanent injunctive relief together with all available damages.

6. That the Court order Defendant to deliver to Epic Brewing or to destroy all products, advertising materials, and other things in Defendant's possession or control bearing the Infringing Mark;

7. That the Court order Defendant to file with the Court and serve on Epic Brewing an affidavit setting forth in detail the manner and form in which it has complied with the terms of the injunction; and

8. That the Court grant such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Epic Brewing hereby demands trial by jury of all issues triable by a jury.

Dated: November 3, 2017        SNELL & WILMER L.L.P.

By: */s/ C. Matthew Rozier*
C. Matthew Rozier
mrozier@swlaw.com
Tabor Center
1200 Seventeenth Street
Suite 1900
Denver, Colorado  80202
Telephone:  303.634.2000
Facsimile:  303.634.2020

Attorney for Plaintiff

4812-6110-9074